**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER

Appellate case name:        Lakeisha Scott v. The State of Texas

Appellate case number:      01-14-01031-CR

Trial court case number:    1387553

Trial court:                263rd Judicial District Court of Harris County

　　　　Appellant's court-appointed counsel filed a brief concluding that the above-referenced appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Although counsel included a cover letter to appellant, dated May 7, 2015, stating that a motion to withdraw was enclosed, counsel has not, however, filed a separate motion to withdraw from representation.

　　　　If appointed counsel believes that an appeal is frivolous, counsel must request permission to withdraw. *See id.* An *Anders* brief must accompany a motion to withdraw because neither the brief nor the motion may be filed on its own. *See id.*; *In re Schulman*, 252 S.W.3d 403, 406–08 (Tex. Crim. App. 2008).

　　　　In addition, counsel has not filed a separate cover letter in accordance with *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014), "to (1) notify his client of the motion to withdraw and the accompanying *Anders* brief, providing him with a copy of each, (2) inform him of his right to file a *pro se* response and of his right to review the record preparatory to filing that response, [] (3) inform him of his *pro se* right to seek discretionary review should the court of appeals declare his appeal frivolous," and (4) "notify his client that, should he wish to exercise his right to review the appellate record in preparing to file a response to the *Anders* brief, he should immediately file a motion for *pro se* access to the appellate record with the applicable court of appeals," which letter includes "a form motion . . ., lacking only the appellant's signature and the date, . . . inform[ing] the appellant that, in order to effectuate his right to review the appellate record *pro se*, should he choose to invoke it, he must sign and date the motion and send it on to the court of appeals within ten days of the date of the letter from appellate counsel." 436 S.W.3d at 319–20.

Accordingly, we **order** appellant's appointed counsel, Marcus J. Fleming, to file with the Clerk of this Court a motion to withdraw that complies with Texas Rules of Appellate Procedure 6.5 and 9, and file and mail an updated cover letter to appellant in accordance with *Kelly*.  *See* TEX. R. APP. P. 6.5, 9; *Kelly*, 436 S.W.3d at 319-20; *Schulman*, 252 S.W.3d at 410, 412.  We further **order** appellant's appointed counsel to notify this Court, in writing, "that he has (1) informed the appellant of the motion to withdraw and attendant *Anders* brief, [and] (2) provided the appellant with the requisite copies while notifying him of his various *pro se* rights, and (3) supplied him with a form motion for *pro se* access to the appellate record (and the mailing address for the court of appeals), to be filed within ten days, so that he may timely effectuate that right, if he so choose." *Kelly*, 436 S.W.3d at 319.  Because the Clerk of this Court will mail appellant a form *pro se* motion for access to the appellate record after counsel files a motion to withdraw, counsel does not need to send the form motion to his client, but should notify his client as provided above.

Counsel shall send the required updated letter to his client and shall file the required motion to withdraw and notice with the Clerk of this Court **within 10 days of the date of this order**.

It is so ORDERED.


Judge's signature: /s/ Laura C. Higley
                     ☑ Acting individually     ☐ Acting for the Court

Date:  May 14, 2015